**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

LEONEL SALAZAR,
  *Defendant-Appellant.*

No. 04-50392

D.C. No.
CR-03-00026-
AHS-2

ORDER

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Argued and Submitted
March 8, 2006—Pasadena, California

Filed April 10, 2006

Before: Susan P. Graber, Kim McLane Wardlaw, and
Johnnie B. Rawlinson, Circuit Judges.

Order;
Concurrence by Judge Rawlinson

---

**COUNSEL**

Jonathan D. Libby, Deputy Federal Public Defender, Los
Angeles, California, for the defendant-appellant.

Nguyen-Hong K. Hoang, Assistant United States Attorney,
Santa Ana, California, for the plaintiff-appellee.

---

## ORDER

Leonel Salazar was convicted under 18 U.S.C. §§ 2(b) and 2071(a) on Counts 3 and 6 of an indictment charging him with destroying and causing others to destroy documents filed and deposited with the Immigration and Naturalization Service (INS) at the California Service Center (CSC) in Laguna Niguel, California. The CSC receives and processes applications and petitions for immigration from California, Arizona, Nevada, Hawaii, and Guam. Count 3 of the indictment charged Salazar with having willfully and unlawfully caused the destruction of foreign passports, marriage and birth certificates, and INS applications on March 14 and 15, 2002; and Count 6 of the indictment charged him with having willfully and unlawfully caused the destruction of INS forms-797, INS receipt notices, INS rejection notices, and return mail on April 3 and 4, 2002. Salazar was employed at the CSC as a senior file room supervisor for the Service Center Operations Team (SCOT), an administrative unit made up of employees from three private companies under contract with the INS. As part of an effort to reduce the filing backlog at the CSC, Salazar and other members of SCOT from January to April 2002 shredded an estimated 90,000 INS documents, many of which were intended to be placed in "A-files," the permanent record files the INS maintains for persons seeking to gain citizenship in the United States. Because we find that there is sufficient evidence in the record to support a reasonable inference that Salazar willfully and unlawfully caused the destruction of records or documents filed or deposited with a public office, we affirm his conviction.

As a preliminary matter, we find that Salazar's argument as to the lack of sufficient evidence proving that he willfully and unlawfully ordered the destruction of the specific documents charged in the indictment was not waived because it was made only "in passing" and without reasoned explanation, as the Government asserts. Salazar "specifically and distinctly" argued the issue in his opening brief, *United States v. Kama*,

394 F.3d 1236, 1238 (9th Cir. 2005), and he presented adequate authority to support his argument.

A conviction under 18 U.S.C. § 2071(a) requires the Government to prove that Salazar willfully and unlawfully destroyed or caused another person to destroy or attempt to destroy any record, paper, document, or other thing filed or deposited in a public office or with any public officer of the United States. Salazar contends that the Government must also show that he willfully and knowingly destroyed the specific documents identified in the indictment. Because under 18 U.S.C. § 2071(a), "[t]he statutory requirement of willfulness is satisfied if the accused acted intentionally, with knowledge that he was breaching the statute," we reject this contention. *United States v. Simpson*, 460 F.2d 515, 518 (9th Cir. 1972) (alteration in original and internal quotation marks omitted). As we held in *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986) (citations omitted):

> [T]he government need not prove all facts charged in an indictment; instead, only enough facts to prove the essential elements of the crime must be demonstrated at trial. Insofar as the language of an indictment goes beyond alleging elements of the crime, it is mere surplusage that need not be proved.

Had Congress included the specific documents destroyed as an element of the offense, it would have created enforcement problems because of the difficulty of identifying a shredded document.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Salazar guilty beyond a reasonable doubt of the essential elements of willfulness with respect to Counts 3 and 6 of the indictment. *United States v. LeVeque*, 283 F.3d 1098, 1102 (9th Cir. 2002). First, Salazar acted intentionally in causing the destruction of INS documents. As one of the supervisors in

charge of reducing the interfiling backlog, he directed his file room clerks to shred documents that should have been placed in the A-files. Salazar admitted in his written statement, composed only ten days after the last shredding incident, that he and his group had increased the pace of the shredding to the point where management should have realized that the documents were being shredded rather than being filed in their respective A-files.

Second, Salazar knew that he was acting unlawfully in causing the shredding of INS documents. Salazar admitted that had the Deputy Site Manager acted when she saw the abnormally high numbers in the production reports, "she could have prevented and stopped the shredding of Federal Documents," and stated that he hoped "that at the end of this investigation the responsible people will be dealt with as the law indicates." Salazar also told colleagues that he believed the shredding was unlawful. In addition, when first questioned by his superiors about the shredding, Salazar made false exculpatory statements. *See United States v. Perkins*, 937 F.2d 1397, 1402 (9th Cir. 1991) ("false exculpatory statements . . . properly could be considered as evidence of consciousness of guilt"). Therefore, we affirm Salazar's conviction.

**IT IS SO ORDERED.**

---

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.